## Saul v. Saul et al. (No. 1)

*John Patrick Walsh*, for plaintiff.

*James Conwell Welsh*, for defendants.

REIMEL, J., November 16, 1954.—Plaintiff has filed a motion for a protective order under Rule 4012 of the Pennsylvania Rules of Civil Procedure requesting that each of the parties and witnesses in the case be submitted to questioning on depositions with no one else present except counsel for the parties.

The action is one in equity wherein plaintiff avers that she is the wife of Richard F. Saul, defendant; that defendant, being liable to pay a certain order of the municipal court for the support of herself and two minor children, has by various schemes and devices

attempted to divest himself of all his real estate and the value of a $50,000 annuity policy on his life, by falsely and fraudulently conspiring with defendant Irwin E. Saul, his father, and defendant Elsie M. Saul, wife of his father, to the end that plaintiff will be deprived of all security for the payment of the order and also of her dower right and interest in the real estate.

Plaintiff contends that by reason of the averments of fraud and conspiracy the rule does not afford sufficient protection to plaintiff in seeking the discovery she requires in order to prepare sufficiently for trial; that if defendants, Richard F. Saul, Irwin E. Saul and Elsie M. Saul, who are the participants in the conspiracy, would be present at the same time that the depositions of any one of them were being taken, plaintiff's efforts to obtain such discovery would be frustrated.

Pennsylvania Rule of Civil Procedure 4012 (a) (5) (6) authorizes the court to forbid the presence, at the examination, of any persons except the parties and counsel. This rule gives sanction to the doctrine of sequestration of witnesses that has received sanction at early common law. It prevents successful perjury, conscious or unconscious collusion and is test of truth: Wigmore on Evidence (3rd ed.), vol. VI, §1838. It has been held that a judge may, in his discretion, exclude from the courtroom any witness in the case until he or she is called to testify. This right cannot be held to apply to the parties who have a constitutional right to be present.

We, therefore, dismiss the motion for a protective order which would sequester the parties to this action.

### Order

And now, November 16, 1954, the motion of Gladys B. Saul for a protective order which would forbid the

presence at the examination on depositions of the parties to the action is dismissed.

As to that portion of the motion for a protective order for sequestration of witnesses it is ordered that the examination of witnesses on depositions shall take place with no one present during such examination of each witness except the parties and their counsel. These depositions shall be taken upon due notice to counsel for defendants.

It is further ordered that a subpoena duces tecum be issued to compel the parties and witnesses to produce such books, records and other written data as may be required.